UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE
CIVIL ACTION NO. 3:06CV-P384-H

**CONNIE BAKER**                                                                          **PLAINTIFF**

v.

**LARRY D. CHANDLER,** *et al.*                                           **DEFENDANTS**

**MEMORANDUM OPINION**

Plaintiff filed this civil rights action under 42 U.S.C. § 1983 ("§ 1983"). The complaint is before the Court for screening pursuant to 28 U.S.C. § 1915A and *McGore v. Wrigglesworth,* 114 F.3d 601 (6th Cir. 1997). For the reasons set forth below, the Court will dismiss several of the claims. The Court will enter a scheduling order to govern development of those claims which survived initial review.

I.

Plaintiff, Connie Baker, is an inmate currently incarcerated in the Little Sandy Correctional Complex. Plaintiff was previously incarcerated at the Kentucky State Reformatory ("KSR"). On or about August 7, 2006, he commenced this action by filing a complaint against twelve different defendants: 1) Larry D. Chandler, the warden at KSR; 2) Paige McGuire, deputy warden at KSR; 3) Roy Washington, a nurse practitioner at KSR; 4) Health Services Administrator, Salvatore Iweimrin; 5) Medical Commissioner of KY Corrections, Dr. Scott Haas; 6) Inmate, Ralph G. Edwards; 7) Commissioner, John Rees; 8) Dr. Ron Emerson; 9) Registered Nurse, Kellie Simpson; 10) Registered Nurse, Sarah Sanderlin; 11) Captain

William Palmer; and 12) Captain Hazelwood. Plaintiff has sued each Defendant in both his/her official and individual capacities. Plaintiff is seeking injunctive relief requiring Defendants to take him to a specialist to determine the extent of and treatment options available to correct injuries Plaintiff suffered on or about August 18, 2005, as well as compensatory and punitive damage. Plaintiff filed a lengthy complaint, a memorandum of law in support thereof and numerous other supporting documents. The Court has extensively reviewed these documents in an attempt to piece together the facts that comprise Plaintiff's claims.

According to Plaintiff, on August 18, 2005, at around 8:00 a.m., he was coming from the dining hall when a "slop truck" driven by inmate Defendant Edwards hit him. Plaintiff was "bounced against the chain link fence, and then bounced back and was told the mirror hit [him] again and knocked [him] to the pavement." As a result of this incident, Plaintiff states that he has "headaches all the time, whip lash in the lower back, a slipped disc in [his] upper back and a slipped disc in the lower back and a lot of nerve damage, the never endings are tender, now the spinal cord is pinched so [his] right leg goes to sleep all the time now, either walking or sitting down." Plaintiff further states that whenever he sits in a wheelchair or regular chair his "legs go numb." He also alleges that he has difficulty walking because his legs go numb and that he has fallen several times, once "busting his head open."

He alleges that Defendants denied him proper medical care after the accident, pain medications to alleviate his pain, and appropriate aftercare. As a result, Plaintiff alleges that he will be permanently disabled for the rest of his life.

Plaintiff claims that Defendants are liable under 42 U.S.C. § 1983 for violating his Fifth, Eighth and Fourteenth Amendment rights. He also alleges that Defendants violated his rights

under Sections 13, 14, 109 and 112 of the Kentucky Constitution and Kentucky Revised Statutes §§ 189.221-189.228 and 189.580. Plaintiff also appears to be asserting state law negligence and outrage claims against Defendants.

## II.

Under 28 U.S.C. § 1915A, this Court must review the instant action. 28 U.S.C. § 1915A ("The court shall review, . . . a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity."); *McGore*, 114 F.3d at 604-05. Upon review, this Court must dismiss "the complaint, or any portion of the complaint, if the complaint—(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." § 1915A(b). A complaint may be dismissed as frivolous under § 1915A if it is premised on a nonexistent legal interest or delusional factual scenario. *Neitzke v. Williams*, 490 U.S. 319, 329-30 (1989). A complaint, or portion thereof, should be dismissed for failure to state a claim upon which relief may be granted "only if it appears beyond a doubt that the plaintiff can prove no set of facts in support of his claim that would entitle him to relief." *Brown v. Bargery*, 207 F.3d 863, 867 (6th Cir. 2000). In reviewing a complaint under this standard, the court must accept all factual allegations contained in the complaint as true and must also construe the pleading in the light most favorable to the plaintiff. *Bibbo v. Dean Witter Reynolds, Inc.*, 151 F.3d 559, 561 (6th Cir. 1998).

## III.

**A.      Official Capacity Money Damages Claims**

The official capacity claims for damages will be dismissed on two bases. First,

Defendants, as state officials and employees sued in their official capacities for damages, are absolutely immune from liability under the Eleventh Amendment to the United States Constitution. *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989); *Kentucky v. Graham*, 473 U.S. 159, 169 (1985) ("This [Eleventh Amendment] bar remains in effect when State officials are sued for damages in their official capacity."). Second, Defendants are not "persons" subject to suit within the meaning of § 1983 when sued in their official capacities for monetary damages. *Id.* (concluding that a state, its agencies, and its officials sued in their official capacities for monetary damages are not considered persons for the purpose of a § 1983 claim); *Matthews v. Jones,* 35 F.3d 1046, 1049 (6th Cir. 1994) (same). Consequently, Plaintiff's official capacity claims for damages against all Defendants must be dismissed.

**B.**     **Fifth Amendment Claims**

The Fifth Amendment of the United States Constitution, which is part of the Bill of Rights, provides:

> No person shall be held to answer for a capital, or otherwise infamous crime, unless on a presentment or indictment of a Grand Jury, except in cases arising in the land or naval forces, or in the Militia, when in actual service in time of War or public danger; nor shall any person be subject for the same offense to be twice put in jeopardy of life or limb; nor shall be compelled in any criminal case to be a witness against himself, nor be deprived of life, liberty, or property, without due process of law; nor shall private property be taken for public use, without just compensation.

U.S. Const., Amend. V.

Plaintiff fails to explain how the Fifth Amendment applies to his claims. Based on the facts as alleged by Plaintiff, the Court does not believe that Plaintiff has a cognizable Fifth Amendment claim against Defendants in this instance. Specifically, the Court notes that to the extent that Plaintiff is attempting to rely on the due process clause of the Fifth Amendment, it

circumscribes only the actions of the federal government. *See, e.g.*, *Sturgell v. Creasy*, 640 F.2d 843, 850 (6th Cir. 1981); *Walker v. Hughes*, 558 F.2d 1247, 1257 (6th Cir. 1977). Here, the actions of state, not federal, officials are at issue, and the Court will dismiss the Fifth Amendment claims.

**C.     Fourteenth Amendment Claims**

Plaintiff's claims appear to be based upon his allegations that the denial of medical treatment amounts to cruel and unusual punishment. However, the right to adequate medical care is guaranteed to convicted prisoners by the Cruel and Unusual Punishment Clause of the Eighth Amendment, not the Fourteenth Amendment. *See Estelle v. Gamble*, 429 U.S. 97, 101-02 (1976). Therefore, the Court will dismiss the Fourteenth Amendment claims.

**D.     Claims Based on the Kentucky Constitution**

Plaintiff claims that Defendants violated his rights under Sections 13, 14, 109, and 112 of the Kentucky Constitution. However, none of these sections appear to be relevant.

Section 13 is entitled "Double jeopardy - Property not to be taken for public use without compensation" and states that "No person shall, for the same offense, be twice put in jeopardy of his life or limb, nor shall any man's property be taken or applied to public use without the consent of his representatives, and without just compensation being previously made to him." Ky. Const. § 13. The Double Jeopardy Clause of this section relates to criminal prosecutions. The Takings Clause relates to the taking of property for public use. Neither clause is applicable to the facts alleged by Plaintiff in this case.

Section 14 of the Kentucky Constitution states as follows: "All courts shall be open, and every person for an injury done him in his lands, goods, person or reputation, shall have remedy

by due course of law, and right and justice administered without sale, denial or delay." Ky. Const. § 14. Plaintiff has not alleged that Defendants have denied him the right to file suit or access the Court. Indeed, the fact that Plaintiff was able to file this lawsuit belies any such argument.

Section 109 of the Kentucky Constitution provides: "The judicial power of the Commonwealth shall be vested exclusively in one Court of Justice which shall be divided into a Supreme Court, a Court of Appeals, a trial court of general jurisdiction known as the Circuit Court and a trial court of limited jurisdiction known as the District Court. The court shall constitute a unified judicial system for operation and administration. The impeachment powers of the General Assembly shall remain inviolate." Ky. Const. § 109. As this section deals with the organization of the Kentucky state courts, it is plainly irrelevant to Plaintiff's allegations against Defendants.

Finally, Section 112 of the Kentucky Constitution deals with the location, composition, administration, and jurisdiction of the Kentucky state circuit courts. Obviously this section is also irrelevant to the facts alleged by Plaintiff in this action.

Accordingly, the Court will dismiss all of Plaintiff's claims premised on violations of his rights under the Kentucky Constitution.

**E.       Claims Based on Violations of the Kentucky Revised Statutes**

Plaintiff alleges that Defendants have violated KRS §§189.221 to 189.228, for allowing inmate Edward to operate the "slop truck," and KRS § 189.580 for failing to report the accident. As a result, Plaintiff claims that Defendants should be held liable under KRS § 189.990, which criminalizes such conduct. However, the cited statutes do not give rise to

any private civil cause of action. "Absent actions amounting to contempt of court, this Court cannot impose criminal penalties against the named defendants through the mechanism of a civil rights action." *Young v. Herald*, No. 04-cv-245, 2005 U.S. Dist. LEXIS 38002 (E.D. Ky. May 3, 2005). "Even if they have occurred, violations of state and federal statutes do not provide for private causes of action; authority to initiate criminal complaints rests exclusively with state and federal prosecutors." *Id.* As such, the Court must dismiss these claims as well.

**F.     Claims Against Defendant Inmate Ralph Edwards**

Plaintiff does not allege that Defendant Inmate Ralph Edwards played any role regarding Plaintiff's medical treatment. As such, Plaintiff's Eighth Amendment claims as related to his medical care will be dismissed as against Defendant Inmate Ralph Edwards. The Court, however, will allow Plaintiff's state law claims of negligence and outrage to proceed against Defendant Edwards.

**G.     Remaining Claims**

Plaintiff's § 1983 Eighth Amendment claims that he has been and is being denied adequate medical treatment will continue against all Defendants, except Defendant Edwards, in their official capacities for injunctive relief and in their individual capacities for damages. Plaintiff's state law claims for negligence and outrage will continue against all Defendants in their individual capacities.

**IV.**

The Court will enter a separate order dismissing all Plaintiff's claims under the Fifth and Fourteenth Amendments to the United States Constitution; Sections 13, 14, 109 and 112 of the Kentucky Constitution; the Kentucky Revised Statutes; all claims for monetary damages against

each of the Defendants in their official capacities; and Plaintiff's Eighth Amendment claims against Defendant Edwards. The Court also will enter a separate Scheduling Order governing the remaining claims. In permitting the remaining claims to go forward, the Court passes no judgment on the ultimate outcome of this action.

Date:

cc:     Plaintiff, *pro se*
        Defendants
        General Counsel, Justice & Public Safety Cabinet, Office of Legal Counsel

4412.008