UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

CIVIL ACTION NO. 3:06CV-P384-H

CONNIE BAKER                                                      PLAINTIFF

V.

LARRY D. CHANDLER, et al.                                        DEFENDANTS

**MEMORANDUM OPINION AND ORDER**

This action arises out of a complaint filed by Plaintiff, Connie Baker, alleging negligence and a civil rights violation of his constitutional rights under 42 U.S.C. § 1983 against several Defendants.  Plaintiff is alleging that Defendants had a complete disregard for his medical needs based upon an injury that occurred on August 18, 2005, at Kentucky State Reformatory. Plaintiff was walking past an empty flatbed F700 truck being driven by an inmate along with an officer that was picking up food scraps when Plaintiff fell into the driver's side front fender of the vehicle.  A purple knot was observed on Plaintiff's forehead and he complained of head, neck, and back pain.  Plaintiff was taken to University of Louisville Hospital.

Plaintiff says that each of Defendants in some way denied him medical care in a way which violates the United States Constitution.  As all the discovery is complete, the Court cannot find sufficient evidence to support any constitutional claims.

I.

The Eighth Amendment prohibits cruel and unusual punishment dispensed in a penal or disciplinary sense.  *See Blackmore v. Kalamazoo County*, 390 F.3d 890 (6th Cir. 2004); *Harmelin*

*v. Michigan*, 501 U.S. 957, 994-96 (1991). This standard is applied to the states through the Fourteenth Amendment. *Wilson v. Seiter*, 501 U.S. 294, 296-97 (1991). The Supreme Court has held, "[i]n order to state a cognizable claim" under the Eighth Amendment concerning medical care an inmate "must allege acts or omissions sufficiently harmful to evidence deliberate indifference to serious medical needs." *Estelle v. Gamble*, 429 U.S. 97 (1976).

The standard for deliberate indifference includes subjective and objective components. *See Napier v. Madison Co.*, 283 F.3d 739, 742 (6th Cir. 2001); *Brown v. Bargery*, 207 F.3d 863, 867 (6th Cir. 2000). When considering such a claim, a court must ask both if the officials acted with a sufficiently culpable state of mind and if the alleged wrongdoing was "objectively 'harmful enough' to establish a constitutional violation." *Hudson v. McMillian*, 503 U.S. 1, 2 (1992), quoting *Wilson v. Seiter*, 501 U.S. 294, 298 (1991); *see also Caldwell v. Moore,* 968 F.2d 595, 602 (6th Cir. 1992).

The objective component of an Eighth Amendment deliberate indifference claim is governed by "contemporary standards of decency." *Hudson*, 503 U.S. at 8-9; 112 S.Ct. at 999-1000. The Supreme Court has interpreted this component as follows:

> "[O]nly those deprivations denying 'the minimal civilized measure of life's necessities' are sufficiently grave to form the basis of an Eighth Amendment violation." *Wilson, supra*, 501 U.S., at 298, 111 S.Ct., at 2324 (quoting *Rhodes, supra*, 452 U.S., at 347, 101 S.Ct., at 2399) (citation omitted). A similar analysis applies to medical needs. Because society does not expect that prisoners will have unqualified access to health care, deliberate indifference to medical needs amounts to an Eighth Amendment violation only if those needs are "serious." *See Estelle v. Gamble*, 429 U.S., at 103-104, 97 S.Ct., at 290-291.

*Hudson*, 503 U.S. at 9.

With regard to the seriousness of a medical need:

2

> A medical need is "serious" if it is one that has been diagnosed by a physician as mandating treatment, or one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention.

*Gaudreault v. Municipality of Salem, Mass.*, 923 F.2d 203, 208 (1st Cir. 1990), quoting

*Monmouth Co. Correctional Institutional Inmates v. Lanzaro*, 834 F.2d 326, 347 (3rd Cir. 1987).

The record is absent any of the facts essential to proving Plaintiff's case. The medical records do not show the existence of a serious medical condition, but rather cast doubt on that. Though some of Defendants may doubt Plaintiff's claims of severe injury, the responsible parties have continued to provide Plaintiff with medical care.

From January 2005 through August 2006, Plaintiff was seen many times by medical providers at Kentucky State Reformatory. This number does not include his attendance at physical therapy sessions three times a week for four weeks in February and March of 2005. Plaintiff was not only seen on the day of the accident and after the accident, but also prior to the August 2005 accident. In June 2005, an MRI was performed on Plaintiff's lumbar back. Plaintiff was being seen for pre-existing chronic back problems prior to the incident. He was also being treated for ongoing Hepatitis C, including performance of lab tests and for less serious matters as urinary tract infections.

Plaintiff has had an opportunity to discover information to support his allegations of constitutional mistreatment. Essentially, the record contains no information other than Plaintiff's own medical records and statements that Defendants have placed in the record. The medical records reflect that Plaintiff was given a considerable amount of medical attention. Although Plaintiff may disagree with that treatment, nothing in the medical records suggest that the treatment was below standards of decency. Moreover, nothing in the record suggests that

3

Defendants were deliberately indifferent to his needs. Defendants provided plenty of medical care, some of which Plaintiff refused for his own reasons.

The medical records suggest that Plaintiff may be experiencing continued back pain. Other evidence casts doubt upon the medical reason for any such pain. Regardless, after all of the opportunity to make a case, there is no evidence to support Plaintiff's claims other than his own dissatisfaction with the results and his own disagreement with certain unspecified medical decisions.

Being otherwise sufficiently advised,

IT IS HEREBY ORDERED that Defendants' motions for summary judgment are SUSTAINED and Plaintiff's federal claims are DISMISSED WITH PREJUDICE.

IT IS FURTHER ORDERED that Plaintiff's state law claims are DISMISSED WITHOUT PREJUDICE.

This is a final order.

cc:    Connie Baker, *Pro Se*
       Counsel of Record

4